IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER COE,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 23-3033 |
| | : | |
| **BRIDGECREST/DRIVETIME,** | : | |
| Defendants. | : | |

# MEMORANDUM

**MURPHY, J.**                                                                                              **October 17, 2023**

Plaintiff Christopher Coe, proceeding pro se, commenced this civil action asserting, inter alia, claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and state law claims for defamation. Currently before the Court are Mr. Coe's Complaint ("Compl." (DI 2)), his "Claim for Relief" ("Claim" (DI 5)),[1] and Motion for Leave to Proceed *In*

---

[1] Mr. Coe's Claim for Relief seeks to add additional claims against the Defendants named in the original Complaint. (*See* DI 5.) It does not include any factual allegations, but only identifies the additional legal claims Mr. Coe seeks to assert. (*See id.*) The filing could be construed as an amended complaint. In general, an amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings").
   Moreover, the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a pro se litigant. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017)

*Forma Pauperis* (DI 1). For the following reasons, the Court will grant Mr. Coe leave to proceed *in forma pauperis* and dismiss his supplemented Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Coe will be granted leave to file an amended complaint.

## I.     FACTUAL ALLEGATIONS[2]

Mr. Coe asserts claims against the following Defendants: Ernest Garcia, II, Bridgecrest Acceptance Corp. ("Bridgecrest"), Jeremy Cross, and International Recovery Systems ("Int'l. Recovery"). (Compl. at 3.) Based on the addresses provided for the Defendants, it appears that Garcia is associated with Bridgecrest and Cross is associated with Int'l. Recovery.

Mr. Coe alleges that on July 18, 2023, he provided Bridgecrest with an "Endorsed Offered Note," which he asserts was a marketable security. (Compl. at 4.) Mr. Coe alleges that he was the Noteholder and registered owner of the Note. Bridgecrest allegedly refused to accept the Note, in violation of its agreement with the SEC.[3] Bridgecrest also allegedly refused to use a Reserve Account provided for in its SEC agreement that Mr. Coe alleged was created with Bridgecrest's Indenture Trustee for Mr. Coe's benefit as a Noteholder to offset an alleged debt. (*Id*.) Instead, on July 27, 2023, Briedgecrest allegedly hired Int'l Recovery to seize Mr. Coe's

---

("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . ."). 
    Mr. Coe's Claim does not include any facts, only conclusory legal assertions. As such, it would be subject to dismissal were it deemed the operative pleading. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted). It is unlikely that Mr. Coe understood the consequences of seeking to amend his Complaint in this manner. In the interests of judicial economy, the Court will consider Mr. Coe's Claim to be a supplement to his original Complaint and screen the filings together.

[2] The allegations set forth in this Memorandum are taken from Mr. Coe's Complaint, the exhibits thereto, and his Claim for Relief. (DI 2, 5.) The Court adopts the pagination assigned by the CM/ECF docketing system.

[3] The Court understands Mr. Coe to be referring to the Securities and Exchange Commission.

property due to nonpayment of an alleged debt.  (*Id*.)  Mr. Coe alleges that during his communications with Bridgecrest, he was informed multiple times that Bridgecrest is a debt collector and the communications he received were an attempt to collect a debt.  (*Id*.)  Mr. Coe also alleges that Bridgecrest never completed a welcome call, provided him with monthly statements or information about investment activity, and did not provide immediate notice after seizing his property.  (*Id*.)  Mr. Coe also asserts that Bridgecrest uses multiple names, which results in confusion among investors and consumers.  (*Id*.)

Mr. Coe alleges that his injuries include loss of property and defamation of character, the latter based on references to Mr. Coe as a "sovereign citizen" in account notes read to him by an unidentified agent.  (*Id*. at 5.)  Mr. Coe asserts claims for violation of the FDCPA based on misleading representations and securities fraud.[4]  He also asserts a claim under 31 C.F.R. § 328.[5]  (*Id*. at 3.)  He seeks the return of his property and an award of money damages.  (*Id*. at 5.)

Attached to Mr. Coe's Complaint is a two-page letter from Bridgecrest to Mr. Coe dated July 27, 2023.  (*Id*. at 7.)  The letter states that Bridgecrest has possession of Mr. Coe's motor vehicle and intends to sell it.  (*Id*.)  It describes steps available to redeem the motor vehicle and to reinstate the (unidentified) contract.  (*Id*. at 7-8.)  The letter, which is labelled "Exhibit A", bears the following handwritten notes: "Received 8/2/2023," "Was not overnight delivery," and "Violation 15 USC 1692e(4)."  (*Id*. at 7.)

---

[4] The allegations in the Complaint and Claim do not provide any factual basis for a securities fraud claim.  Rather, as best the Court can discern, this is a debt collection case.

[5] This section of the Code of Federal Regulations is titled "Over-the-Counter Drug Products Intended for Oral Ingestion that Contain Alcohol" and appears wholly unrelated to Mr. Coe's claims.

In his subsequently filed Claim, Mr. Coe asserts claims pursuant to TILA,[6] FDCPA, and the Trust Indenture Act ("TIA") based on willful non-disclosure. (Claim, ECF No. 5 at 1.) He also asserts statutory claims for civil liability under TILA, FCBA,[7] FDCPA, and TIA, and a state law claim for defamation of character. (*Id*. at 2-3.) According to the Claim, Bridgecrest allegedly failed to disclose various rights to Mr. Coe. (*Id*. at 1.) Mr. Coe also asserts claims for civil liability under TILA, FCBA, FDCPA, and TIA, and for defamation of character, although he does not identify any Defendant against whom he asserts these claims. (*Id*. at 2.) Mr. Coe asserts his defamation claims against Bridgecrest based on notes and comments in a Bridgecrest file referring to Mr. Coe as a sovereign citizen. (*Id*. at 3.) Mr. Coe seeks an award of money damages and the release of various records. (*Id*.)

## II.   STANDARD OF REVIEW

Because Mr. Coe appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the supplemented Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that]

---

[6] The Court understands Mr. Coe to be referring to the Truth In Lending Act.

[7] The Court understands Mr. Coe to be referring to the Fair Credit Billing Act, 15 U.S.C. 1666

complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mr. Coe is proceeding pro se, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.  DISCUSSION**

Although Mr. Coe refers to several consumer protection statutes in his Complaint and Claim, his claim is best understood as seeking recovery under the FDCPA and pursuant to a state law claim for defamation.[8] For the following reasons, he has not stated a plausible claim.

The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). "Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (quoting 15 U.S.C. § 1692(e)). "The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of

---

[8] The Court understands the focus of Mr. Coe's claims to be the Defendants' collection of a debt. With respect to Mr. Coe's defamation claim based on a note in his account referring to him as a sovereign citizen, the claim is conclusory and does not state a plausible claim. To state a defamation claim, a plaintiff must allege the defamatory character of the communication, its publication by a defendant, its application to the plaintiff, the understanding of the recipient of its defamatory meaning and its intended application to the plaintiff, special harm resulting to the plaintiff as a result of the communication, and abuse of a conditionally privileged occasion. 42 Pa.C.S. § 8343. Mr. Coe does not identify any communication of the allegedly defamatory matter to anyone but himself. In these circumstances, his claim is not plausible and will be dismissed, albeit with leave to amend.

debt-collection practices." *Id.* (citing 15 U.S.C. §§ 1692b-1692j); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*) ("The FDCPA protects against abusive debt collection practices by imposing restrictions and obligations on third-party debt collectors.").

To state a claim under the FDCPA, a plaintiff must establish that (1) he or she "is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted). Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible. *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss"); *Astarita v. Solomon & Solomon, PC*, No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content – such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt – which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA."). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This statutory language focuses "on third party collection agents working for a debt owner — not on a debt owner seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017). In

6

contrast, "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.* § 1692a(4). Conclusory allegations that a defendant meets the statutory definition of a "debt collector" are insufficient. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("As to Ballard Spahr, the complaint alleges, in a conclusory fashion, that the law firm is a 'debt collector' by quoting the relevant definition from the FDCPA. However, beyond this legal conclusion, the complaint provides no factual allegations that suggest Ballard Spahr regularly collects or attempts to collect debts owed to another."); *Guyton v. PECO*, No. 18-2547, 2018 WL 10016428, at *1 (E.D. Pa. Aug. 24, 2018), *aff'd*, 770 F. App'x 623 (3d Cir. 2019) (*per curiam*) ("Plaintiff owed the relevant 'debt' (her utility bill) to PECO, as the creditor for services rendered to her. PECO thus is not a debt collector under the FDCPA.").

In his Complaint, Mr. Coe alleges that he is a "consumer," Bridgecrest is a debt collector, that the communications described occurred in the context of Bridgecrest's effort to collect a debt, and that Bridgecrest violated the FDCPA while attempting to collect the debt. (*See* Compl. at 4.) However, merely parroting the elements of the claim will not suffice. Mr. Coe is required to provide facts supporting these elements or his claim is not plausible. *See Astarita*, 2013 WL 1694807, at *2. Mr. Coe does not identify the debt Bridgecrest allegedly sought to collect, and only broadly describes the communications engaged in by Bridgecrest. He alleges that Bridgecrest is a debt collector, but offers no facts to support this conclusion. It is not clear whether Bridgecrest is a debt collector as that term is used in the FDCPA or, instead, is a creditor.

Mr. Coe's claims against Int'l Recovery and the individual Defendants are even more vague. The only allegation as to Int'l Recovery is that Bridgecrest hired it to seize Mr. Coe's property. (Compl. at 4.) Mr. Coe does not allege that the seizure violated any statute or in any way gives rise to a legal claim. There are no factual allegations that could put Int'l Recovery on notice of the nature of the claims against it. Similarly, Mr. Coe does not allege that either of the individual Defendants participated in the conduct giving rise to his claims. As a result, Mr. Coe's claims against these Defendants are not plausible.

The Exhibit attached to the Complaint provides information as to the nature of the debt in question, and the Court may consider exhibits attached to a pro se plaintiff's complaint in conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B). *See Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)). However, Mr. Coe's manner of presenting his claims suggests that he intends for the Court and the Defendants to glean the basis for his claims in large part from the Exhibit. The Court declines to do so, because a plaintiff may not state a claim by relying solely on exhibits. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint

8

must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

Mr. Coe's Complaint does not adequately describe the relevant who, what, where, when, and how that form the basis for his statutory claims. His Claim for Relief similarly lacks factual allegations to support the laundry list of statutory claims he seeks to assert. In short, Mr. Coe's claims are conclusory, undeveloped, and are not plausible. His Complaint, as supplemented by his Claim, will be dismissed. Because the Court cannot state with certainty that Mr. Coe can never state a plausible claim, he will be permitted to amend his Complaint to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).

### IV.  CONCLUSION

For the reasons stated, the Court will grant Mr. Coe leave to proceed *in forma pauperis* and dismiss his supplemented Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Coe will be granted leave to file an amended complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.